# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DANIEL HORACEK, et al.,**

       **Plaintiffs,**

                                **Case No. 03-73206**

**v.**

                                **HONORABLE DENISE PAGE HOOD**

**STEVEN McLAIN, et al.,**

       **Defendants.**

_____/

## MEMORANDUM OPINION & ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE

**I.     INTRODUCTION**

This matter is before the Court on Defendants' Motion for Reconsideration, filed April 15, 2005. Defendants' move for reconsideration of the Court's March 31, 2005 Memorandum Opinion and Order, granting in part and denying in part Defendants' two Motions to Dismiss and Motion for Summary Judgment. In their Motion for Reconsideration, Defendants claim the findings of the Court with regard to Claims 12 and 19 of the Plaintiffs' Complaint were erroneous. Defendants assert these claims did not exhaust all administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).

Defendants' filed a Supplemental Brief on May 10, 2005, citing a new decision by the Court of Appeals for the Sixth Circuit, *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). In *Bey*, the Sixth Circuit announced a "total exhaustion" rule to cases in which the PLRA applies. Complaints containing both exhausted and unexhausted claims must now be completely dismissed without prejudice. *Id*. For the reasons set forth below, the Court grants in part and denies in part

Defendants' Motion for Reconsideration.  Because the Court holds Plaintiffs' Complaint contains a number of unexhausted claims, the Court applies *Bey* and dismisses the Complaint in its entirety without prejudice.

## II.  STANDARD OF REVIEW

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).  This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

## III.  APPLICABLE LAW & ANALYSIS

### A.  Claim 12 of Plaintiffs' Complaint

Plaintiffs allege in their Complaint that Defendants denied them basic "over the counter" health care items which were made available to non-Jewish prisoners.  (Compl. at ¶ 12.)  The Court's March 31, 2005 Order dismissed this claim without prejudice with respect to all Defendants except Defendant Dave Burnett.  Defendants assert this claim was not properly exhausted with respect to Defendant Burnett, and must be completely dismissed.

The Sixth Circuit has held that a prisoner must file a grievance against the particular defendant he seeks to sue, and pursue that grievance through all levels of the grievance process. *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001).  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir.

2

2003), provides further guidance on the issue, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim . . . .  Thus, for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process."

Plaintiff Horacek filed a grievance concerning this allegation, naming a non-Defendant Chaplain of the prison.  Plaintiff Horacek pursued his grievance through the three-step adminstrative grievance procedure, as required by the PLRA.  Defendant Burnett, however, was never named in any of the grievances or documents attached to the grievances.  The only specific mention of Defendant Burnett came in the preface to the grievance, in which Plaintiff Horacek claimed the prison Chaplain showed him a letter written by Defendant Burnett, supporting the allegedly discriminatory policy.  Plaintiff Horacek did not attach Defendant Burnett's letter to his grievance, nor did he otherwise provide notice to Defendant Burnett that he was being grieved.  In light of the foregoing, the Court finds Plaintiffs did not exhaust Claim 12 with respect to Defendant Burnett. Claim 12 of Plaintiff's Complaint is dismissed without prejudice.

**B.      Claim 19 of Plaintiff's Complaint**

Defendants additionally move for reconsideration of the Court's holding that Plaintiff's Claim 19 is partially exhausted.  More specifically, the Court found the post-December 2002 menu change claims were not exhausted while Plaintiffs had exhausted the pre-December 2002 menu change claims.  The Court relied on the Warden's Forum held in December 2002, as a method of exhaustion authorized by the PLRA.  Defendants also point to the alleged frivolity of Plaintiffs' claims.  The Court notes that the issue before it is not the merits of Plaintiffs' allegations, but simply whether they have met the requirements of the PLRA.  The Court finds Defendants have failed to

demonstrate a "palpable defect" in the Court's prior Order regarding the exhaustion of Claim 19.

Defendants' Motion for Reconsideration is denied with respect to Claim 19.

### C.     APPLICATION OF *BEY v. JOHNSON*

On April 25, 2005, the Sixth Circuit issued its opinion in *Bey v. Johnson*, 407 F.3d 801 (6th

Cir. 2005). *Bey* clarifies the applicable law in this Circuit by announcing a total exhaustion rule to

PLRA cases. A district court considering a lawsuit containing both exhausted and unexhausted

claims must now be dismissed in full without prejudice. *Id*. at 805-06. This rule must be given full

retroactive effect in all cases still open on direct review. *See Makey v. Dyke*, 111 F.3d 460, 463 (6th

Cir. 1997); *Hamburger v. Desoutter, Inc.*, 886 F.Supp. 616, 620 (E.D. Mich. 1995); *In re Federated

Dep't Stores, Inc.*, 44 F.3d 1310, 1317-18 (6th Cir. 1995). The total exhaustion rule of *Bey* must

therefore be applied in this instance. The Court dismisses Plaintiffs' Complaint, in its entirety,

without prejudice.

Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration **[Docket No. 155, filed April

15, 2005]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is dismissed, in its entirety, without

prejudice.

                        /s/ Denise Page Hood
                        DENISE PAGE HOOD
                        UNITED STATES DISTRICT JUDGE

DATED:     June 30, 2005