# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL HORACEK, et al.,**

    **Plaintiffs,**

                                      Case No. 03-73206

v.

                                      HONORABLE DENISE PAGE HOOD

**STEVEN McLAIN, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Decision to Dismiss the Complaint Without Prejudice, filed July 18, 2005. Plaintiffs move for reconsideration of the Court's June 30, 2005 Memorandum Opinion and Order, granting in part and denying in part Defendants' Motion for Reconsideration and dismissing the Complaint without prejudice. The Plaintiffs filed a Supplemental on December 1, 2005. The Defendants filed a Response to Plaintiffs' Supplemental Brief on December 9, 2005. An Amicus Curiae Brief was filed by Andrew Copenhaver-Nelson on November 28, 2005.

**II.    STATEMENT OF FACTS**

Plaintiffs, prisoners with the Michigan Department of Corrections ("MDOC"), allege that the Defendants, employees within MDOC, have violated various rights under 42 U.S.C. § 1983. (Compl. at 11). On March 31, 2005, the Court issued an order granting in part and denying in part two motions to dismiss and two motions for summary judgment. Defendants filed a Motion for Reconsideration of this order on April 15, 2005, stating that a recent Sixth Circuit case, *Jones-Bey*

*v. Johnson*, 407 F.3d 801 (6th Cir. 2005), required total exhaustion of administrative remedies. The Court granted in part and denied in part Defendants' Motion for Reconsideration and dismissed the Complaint without prejudice on June 30, 2005. Plaintiffs then filed the current Motion for Reconsideration of the Court's June 30, 2005 Order on July 18, 2005.

### III.   APPLICABLE LAW & ANALYSIS

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, *the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court*, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3) (emphasis added). This Court has discretion to grant or deny Plaintiffs' Motion for Reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

Plaintiffs, in both the motion for reconsideration and the supplemental memorandum of law, argue reconsideration of the Court's June 30, 2005 Opinion and Order dismissing the Complaint without prejudice, based on the assertion that the Sixth Circuit's recent opinion in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), does not apply retroactively. This assertion is also supported by an Amicus Curiae Brief by Andrew Copenhaver-Nelson.

Plaintiffs argue that the recent decision in *Copenhaver v. Hammer*, 2005 WL 2899673 (W.D. Mich. 2005), permits this Court to discount the Sixth Circuit's decision in *Jones Bey* and allow the Plaintiffs to proceed with the exhausted claims. *Copenhaver* was decided on November 3, 2005, after the Court issued its June 30, 2005 Opinion and Order dismissing the Complaint without

prejudice.  The Court also notes that subsequent Sixth Circuit decisions make it is clear that total exhaustion of administrative remedies is required for a prisoner to bring a civil rights action. *Williams v. Overton*, 136 Fed. Appx. 859, 862 (6th Cir. 2005) (unpublished opinion); see also *Walton v. Bouchard*, 136 Fed. Appx. 846 (6th Cir. 2005); *Rinard v. Luoma*, 2006 WL 590360 (6th Cir. March 13, 2006).

The Court, in its June 30, 2005 Opinion and Order, addressed the applicability of *Jones-Bey* and its "total exhaustion" rule.  The Court held that the total exhaustion rule has retroactive effect on cases open on direct review.  As such, the Court held that *Jones-Bey* and the "total exhaustion" rule were applicable to the current case.  Since the Court has already ruled upon the issue presented by the Plaintiffs in the Motion for Reconsideration, the motion is denied.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion For Reconsideration of the Court's Decision to Dismiss the Complaint Without Prejudice **[Docket No. 158, filed July 18, 2005]** is DENIED.

       /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager