UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK, et al.,

    Plaintiffs,

v.

STEVEN McLAIN, et al.,

    Defendants.
_____/

Case No. 03-73206

HONORABLE DENISE PAGE HOOD

## ORDER DENYING MOTION TO REINSTATE CASE OR VACATE JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court two motions, both filed on April 27, 2007. Plaintiff Daniel Horacek moves the Court to reinstate his Complaint. In the alternative, Plaintiff moves the Court to alter or amend its June 30, 2005 order ("Order"), which dismissed the Complaint without prejudice. Defendants filed a response to Plaintiff's motions on June 22, 2005.

**II.    STATEMENT OF FACTS**

Plaintiff, a prisoner with the Michigan Department of Corrections ("MDOC"), alleges that the Defendants, employees within MDOC, have violated various rights under 42 U.S.C. § 1983. (Compl. at 11). On March 31, 2005, the Court issued an order granting in part and denying in part two motions to dismiss and two motions for summary judgment. Defendants filed a Motion for Reconsideration of this order on April 15, 2005, stating that a recent Sixth Circuit case, *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), required total exhaustion of administrative remedies. The Court granted in part and denied in part Defendants' Motion for Reconsideration and dismissed the Complaint without prejudice in its June 30, 2005 Order. The Court relied on *Jones-Bey*, in part, to

rule on Defendants' Motion for Reconsideration. Plaintiff filed a Motion for Reconsideration of the Court's June 30, 2005 Order on July 18, 2005, which the Court denied. Plaintiff filed the instant motion because the Supreme Court recently overturned *Jones-Bey*.

### III.    APPLICABLE LAW & ANALYSIS

Plaintiff Daniel Horacek moves the Court to reinstate the original Complaint. In the alternative, Plaintiff seeks relief under a motion to alter or amend the Court's June 30, 2005 Order. Plaintiff does not set forth a specific rule of law which governs these motions. However, the Court liberally reads them as Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") motions. Rule 60(b) motions are "addressed to the sound discretion of the district court." *FHC Equities, L.L. C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir.1999).

Plaintiff asserts a number of reasons why this current motion was not filed in a reasonable time. The Court will not address the issue of whether Plaintiff's response to the June 30, 2005 order ("Order") was timely filed for the sake of addressing the underlying issue in this case. Under Rule 60, a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . .

2

Fed. R. Civ. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (citations and quotation marks omitted). Motions to reconsider under Rule 60(b) are "opportunit[ies] for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). A mere change in decisional law, alone, is usually not sufficient to merit relief under Rule 60(b). *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Rather, courts have relied on a change in decisional law, combined with some other special circumstance, to grant Rule 60(b) relief. *Id.*

Plaintiff correctly asserts that *Jones Bey*, a Sixth Circuit case cited by this Court to dismiss the instant Complaint, was subsequently overturned by *Jones v. Bock*, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). *See Smith v. Pennell*, No. 01-CV-119, 2007 U.S. Dist. LEXIS 44979 (W.D. Mich. June 21, 2007). However, the new law set forth in *Jones* applies retroactively only to "cases still open on direct review." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517 (2007) (Blackmun, J., concurring in judgment).

The present case was not open or on direct review at the time the *Jones* case issued.

3

Plaintiff's Motion for Reconsideration of the Court's Order dismissing the Complaint was filed on July 18, 2005. The Court denied this motion on March 28, 2006. Plaintiff did not appeal. The Supreme Court case of *Jones* was decided on January 22, 2007, almost ten months later. Therefore, at the time *Jones* was issued, Plaintiff's case was not open or on direct appeal. Moreover, even if *Jones* applied retroactively to this case, Plaintiff has not established an extraordinary circumstance warranting Rule 60(b) relief. As previously noted, a change in the law, alone, without some other "special circumstance," does not constitute an extraordinary circumstance. *Blue Diamond*, 249 F.3d at 524. Plaintiff has not asserted any special circumstances in his claim. Consequently, the Court declines to alter or amend its previous order as it is well-reasoned and supported by applicable law.[1]

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Reinstate Case or Vacate Judgment [Docket No. 167, filed on April 27, 2007] is DENIED.


Dated: September 28, 2007            s/ DENISE PAGE HOOD
                                     Denise Page Hood
                                     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record and Daniel Horacek, Reg. No. 218347, 38 Fourth St., Coldwater, MI 49036 September 28, 2007, by electronic and/or ordinary mail.

                                     s/William F. Lewis
                                     Case Manager

---

[1] Other district courts have reached the same conclusion in the aftermath of *Jones v. Bock*. *See, e.g.*, *Day v. Ahmed*, No. 05-72677, 2007 WL 2050397 (E.D. Mich. July 16, 2007); *Smith*, 2007 U.S. Dist. LEXIS 44979.