# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL HORACEK, et al.,**

    **Plaintiffs,**

v.

Case No. 03-73206

**HONORABLE DENISE PAGE HOOD**

**STEVEN McCLAIN, et al.,**

    **Defendants.**

                                 /

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Now before the Court is Plaintiffs' Motion for Reconsideration and Motion to Vacate Judgment **[Docket No. 177, filed October 17, 2007].** Plaintiffs move for reconsideration of the Court's September 28, 2007 Order, denying a previously filed Motion for Reconsideration. Having considered this fourth post-judgment motion, and for the reasons that follow, the Court DENIES Plaintiffs' motion.

**II.    STATEMENT OF FACTS**

Plaintiffs, prisoners in the custody of Michigan Department of Corrections ("MDOC"), allege that the Defendants, employees of the MDOC, have violated various rights under 42 U.S.C. § 1983. (Compl. At 11). On March 31, 2005, the Court issued an order granting in part and denying in part two motions to dismiss and two motions for summary judgment. Defendants filed a Motion for Reconsideration of this order on April 15, 2005, stating that the Sixth Circuit case, *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), required total exhaustion of

administrative remedies.  The Court granted in part and denied in part Defendants' Motion for Reconsideration and dismissed the Complaint without prejudice in its June 30, 2005 Order.  The Court relied on *Jones-Bey*, in part, to rule on Defendant's Motion for Reconsideration.  Plaintiffs filed a Motion for Reconsideration of the Court's June 30, 2005 Order on July 18, 2005, which the Court denied in a March 28, 2006 Order.  On February 14, 2007, the Plaintiffs filed both a Motion to Reinstate their original complaint, and in the alternative, a Motion for Reconsideration based on the Supreme Court's ruling in *Jones v. Bock*, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), which overruled *Jones-Bey*.  In its September 28, 2007 orders, the Court treated these post-judgment motions as Federal Rule of Civil Procedure Rule 60(b) motions, and denied both motions.

## III.   APPLICABLE LAW & ANALYSIS

Plaintiffs now move the Court to reconsider its September 28, 2007 Order.  The Plaintiffs have now filed four post-judgment motions and for the reasons set forth in the September 28, 2007 Order **[Docket No. 176]** the Court DENIES their latest Motion for Reconsideration.  Plaintiffs argue that they are entitled to an appeal under Federal Rule of Appellate Procedure 4(a)(6) because they were unaware of the March 28, 2006 Order against them. In the alternative, the Plaintiffs assert that the February 14, 2007 motion should have been treated as a Rule 60(b)(5) motion, instead of the 60(b)(6) motion the Court applied in its September 28, 2007 Order.

As to the claim that they did not receive the March 28, 2006 Order, Federal Rules of Civil Procedure Rule 77(d)(2) states, "Lack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time

2

allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."

Under Appellate Rule 4(a)(6), a party must establish that he or she did not receive notice pursuant to Rule 77(d) of the Federal Rules of Civil Procedure within 21 days after entry of a judgment or order *and* the motion must be filed within 180 days of the entry of the judgment or order. Fed. R. App. R. 4(a)(6). An untimely appeal leaves the reviewing court without jurisdiction to hear the appeal. *Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1102 (6th Cir. 1985) (internal citations omitted).

Plaintiffs assert that they did not receive notice that their July 18, 2005 motion for reconsideration had been denied by a March 28, 2006 Order until they received the September 28, 2007 Order. Applying Appellate Rule 4(a)(6), Plaintiffs' October 17, 2007 motion notifying the Court that they did not receive notice of the March 28, 2006 Order is well beyond the 180-day requirement. It is noted that the March 28, 2006 Order sent to Plaintiff Horacek was returned undeliverable on March 31, 2006. However, Plaintiff Horacek did not notify the Court of change of address until April 23, 2007, more than one year after the entry of the March 31, 2006 Order. It is incumbent upon the parties to notify the Court of any change of address.

This Court's September 28, 2007 Order sufficiently addresses the Plaintiff's Rule 60(b) assertions. However, the Court notes that Rule 60(b)(5) does not apply since the judgment in *this* case has not been reversed.

**IV. CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider the Courts Order Denying the Motion for Reconsideration [**Docket No. 177, filed October 17, 2007**] is **DENIED**.

                                                <u>S/Denise Page Hood</u>
                                                Denise Page Hood
                                                United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Phil Cirisan** #257461
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

**Daniel Horacek** #218347
951 Indianwood Road
Lake Orion, MI 48362

**Nikolai Divietri** #195037
Parnell Correctional Facility
1760 East parnell
Jackson, MI 49201-7139


**Clifton Day** #233435
Marquette Branch Prison
1960 U.S. 41 south
Marquette, MI 49855

on August 29, 2008, by electronic and/or ordinary mail.

                                            <u>S/Lisa Ware for William F. Lewis</u>
                                            Case Manager